IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2205-D

LEROY DEXTER,                          )
                                       )
              Petitioner,              )
                                       )
      v.                               )          **ORDER**
                                       )
WARDEN LEU,                            )
                                       )
              Respondent.              )

On September 8, 2025, Leroy Dexter ("Dexter" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On December 15, 2025, the court reviewed the petition under 28 U.S.C. § 2243 and allowed it to proceed [D.E. 9]. On February 4, 2026, respondent filed a motion to dismiss or in the alternative for summary judgment [D.E. 14–17]. That same day, the court notified Dexter about respondent's motion, the consequences of failing to respond, and the response deadline [D.E. 18]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On March 17, 2026, Dexter responded in opposition [D.E. 21]. Dexter moves to expedite ruling on respondent's motion [D.E. 22].

Dexter contends he is entitled to prior custody credit towards his federal sentence and that the Federal Bureau of Prisons improperly denied his request for a nunc pro tunc designation of his state and federal sentences. See [D.E. 1] 2–3, 6–7; [D.E. 1-1] 1–14; [D.E. 21] 1–3. Respondent failed to address Dexter's claim that the Federal Bureau of Prisons improperly denied his request for a nunc pro tunc designation of his state and federal sentences. See [D.E. 15] 1–10; cf. Mangum v. Hallembaek, 824 F.3d 98, 101–03 (4th Cir. 2016); Trowell v. Beeler, 135 F. App'x 590, 594 (4th Cir. 2005) (per curiam) (unpublished); Barden v. Keohane, 921 F.2d 476, 479–484 (3d Cir.

1990); <u>Ussery v. Dunbar</u>, No. 1:22-1924-DCN-SVH, 2022 WL 20625061, at *3–7 (D.S.C. Nov. 7, 2022) (unpublished), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u>, 2023 WL 5425039 (D.S.C. Aug. 23, 2023) (unpublished).  Thus, the court denies without prejudice respondent's motion to dismiss or in the alternative for summary judgment.  Respondent shall have until August 19, 2026, to file one comprehensive motion for summary judgment fully addressing all claims in the petition.

In sum, the court DENIES WITHOUT PREJUDICE respondent's motion to dismiss or in the alternative for summary judgment [D.E. 14] and DENIES AS MOOT petitioner's motion to expedite ruling on respondent's motion [D.E. 22].  The court DIRECTS respondent to file one comprehensive motion for summary judgment on or before August 19, 2026, fully addressing all claims in the petition.

SO ORDERED.  This 21 day of July, 2026.

JAMES C. DEVER III
United States District Judge

2